

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00370-CR

Jesus Jaime **JIMENEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B91-53
Honorable Emil Karl Prohl, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 22, 2013

MOTION TO WITHDRAW GRANTED; AFFIRMED

In 1991, pursuant to a plea bargain agreement, appellant Jesus Jaime Jimenez pleaded guilty to the offense of burglary of a habitation.  The trial court, in accordance with the plea agreement, deferred a finding of guilt and placed Jimenez on community supervision for a period of ten years.  In 1998, the State alleged Jimenez had violated one or more terms of his deferred adjudication community supervision.  The trial court agreed, adjudicated Jimenez guilty, and placed him on regular community supervision for a period of ten years.  In 2005, the State filed a motion to revoke, and the trial found Jimenez had violated several conditions of his community

supervision. The trial court continued the community supervision, but ordered Jimenez to serve one hundred and twenty days in the Kerr County Jail as a condition of his community supervision. Jimenez did not appeal from that judgment.

In 2006, the State filed a document entitled "Amended Motion to Revoke Probation," alleging Jimenez had again violated several conditions of his probation. After a hearing, the trial court granted the motion, revoked Jimenez's community supervision, and sentenced him to ten years confinement in the Texas Department of Criminal Justice–Institutional Division. Jimenez appealed, but this court dismissed the attempted appeal for want of jurisdiction because Jimenez failed to file a timely notice of appeal. *Jimenez v. State*, No. 04-06-00399-CR, 2007 WL 1752175 (Tex. App.—San Antonio June 20, 2007, no pet.) (mem. op.) (not designated for publication). Ultimately, Jimenez filed a writ of habeas corpus with the Texas Court of Criminal Appeals, seeking an out-of-time appeal. The court granted the requested relief. *See Ex parte Jimenez*, No. AP-76785, 2012 WL 1442435 (Tex. Crim. App. May 2, 2012) (not designated for publication). This out-of-time appeal is the one currently before the court.

Jimenez's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Admittedly, Jimenez was given a copy of the brief and motion to withdraw and was informed of his right to review the record and file his own brief. Jimenez filed an extension of time to file the brief, and the information in that motion establishes Jimenez was informed of his right to file the brief, and further establishes Jimenez obtained a copy of the appellate record. Ultimately, however, Jimenez never filed a brief.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the motion to withdraw filed by Jimenez's counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Jimenez wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Do Not Publish